UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SANCHEZ, | No. 2:16-cv-0599-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also requested appointment of counsel, submitted a "motion for injunctive relief," and what he styles as a "complaint: supplement."

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

1

## II. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

1  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
2  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
3  678.
4      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
5  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
8  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
9  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
10 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.  Screening Order**

12     Plaintiff commenced this action by filing a motion for injunctive relief.  ECF No. 1.  He
13 subsequently filed a document entitled "Complaint: Supplement to the above case no. 42 U.S.C.
14 § 1983."[1]  Neither document, by itself, is sufficient to constitute a complaint setting forth a
15 cognizable claim for relief.  Rather, it appears from these filings that plaintiff is attempting to file
16 a complaint in a piecemeal fashion through separate filings which must then be read together as a
17 single complaint.  This is not the proper procedure for filing or amending a complaint.  Therefore,
18 treating plaintiff's filings--which he collective intends to serve as his complaint--as the complaint,
19 they are collectively dismissed.  Plaintiff is granted leave to amend to submit an amended
20 complaint in accordance with the requirements set forth in this order.
21     Any amended complaint shall clearly set forth the claims and allegations against each
22 defendant, and must identify as a defendant only persons who personally participated in a
23 substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d
24 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if
25 he does an act, participates in another's act or omits to perform an act he is legally required to do
26 that causes the alleged deprivation).

---

[1] The first page of the document states "Continue" at the bottom, but plaintiff did not submit any additional pages.

3

Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be complete in itself without reference to any earlier filed complaint. L.R. 220. That is, plaintiff must file a single amended complaint that includes all information relevant to his claim(s).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official (such as the CDCR Director) on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If plaintiff intents to assert a retaliation claim, he must allege facts showing that defendants were aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind their alleged misconduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

/////

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

V. **Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 15) is granted. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

2. Plaintiff's request for the appointment of counsel (ECF No. 13) is denied.

3. The complaint (*see* ECF Nos. 1 & 12) is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in this action being dismissed for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: June 16, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5